UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EDUARDO DIAZ GARCIA,

      Petitioner,

    v.

ATTORNEY GENERAL TODD
BLANCHE,  DHS ACTING
DIRECTOR, TODD M. LYONS,
DIRECTOR OF U.S.
IMMIGRATION AND CUSTOMS
ENFORCEMENT, GARRETT
RIPO, SHERIFF DAVID HARDIN,

      Respondents,

Case No. 2:26-cv-1868-KCD-KRH

## **ORDER**

This Court previously ordered the Government to provide Petitioner Eduardo Diaz Garcia with a bond hearing. The Government did exactly that. On May 26, 2026, an immigration judge conducted the hearing but denied bond, concluding that Garcia was not a suitable bail risk. (Doc. 1-2.) Dissatisfied with that outcome, he has now filed a new habeas petition challenging the immigration judge's conclusions. (Doc. 1.)

Garcia does not deny receiving a bond hearing. Instead, he claims the proceeding was constitutionally deficient because the immigration judge reached the wrong decision. (*See, e.g.*, *id.* at 6 ("I meet all elements of the Guerra factors."). But here is the problem: this is not an immigration court of

appeals. Congress could not have been clearer when it wrote 8 U.S.C. § 1226(e), explicitly stripping federal courts of authority to review "a discretionary judgment by the Attorney General or a decision that the Attorney General has made regarding [an alien's] detention or release." *Jennings v. Rodriguez*, 583 U.S. 281, 295 (2018). As the Supreme Court explained in *Jennings*, this provision closes the door on judicial review of the executive branch's discretionary detention choices. *Id.* at 295. While federal courts may retain a narrow window to review colorable constitutional, a litigant cannot bypass that boundary simply by slapping a due process label on what is fundamentally a standard factual grievance. *See Mayorga v. Meade*, No. 24-CV-22131, 2024 WL 4298815, at *8 (S.D. Fla. Sept. 26, 2024) ("[T]his Court does not have jurisdiction to review the decision of the immigration judge to deny Petitioner bond[.]").

Stripped of its constitutional dressing, Garcia's habeas petition is an explicit invitation for this Court to reweigh the evidence presented to the immigration judge and reach a different conclusion. He argues at length that the immigration judge placed too much weight on certain facts while ignoring others. (Doc. 1 at 5-7.) Yet that is precisely the kind of factual second-guessing that § 1226(e) forbids. An immigration judge does not violate the Fifth Amendment simply by weighing the relevant factors and concluding that the risks outweigh the equities. This Court's job was to ensure that Garcia received

2

the required statutory process, not to guarantee him a winning outcome. Because he received that process, his remedy for any perceived error lies with an appeal to the Board of Immigration Appeals, not a petitioner here. *See, e.g.*, *Chox v. Hardin*, No. 2:26-cv-165-JES-DNF, Doc. 17 at 2 (M.D. Fla. Mar. 24, 2026).

Finally, Pablo argues that his hearing was fundamentally unfair because the administrative process is systematically biased. (Doc. 1 at 7.) But this broad indictment is entirely conclusory. He offers no legal analysis or evidence of actual, individualized bias by the presiding immigration judge in his case. He simply claims the entire process is corrupted. The Court declines to hunt for (or construct) a colorable claim out of generalized political grievances. *See Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014) (explaining a district court does not have "license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action").

This Court has completed its role by ensuring that Garcia received the required statutory process. It cannot further act as an appellate court for discretionary immigration rulings. Accordingly, Garcia's habeas petition attacking the immigration judge's ruling is (Doc. 1) is **DENIED**. The Clerk is directed to enter judgment for the Respondents, denying all pending motions, and close this case.

**ORDERED** in Fort Myers, Florida on June 30, 2026

Kyle C. Dudek
United States District Judge

4